4/24/2014
ENTERED NOV 0 5 2014

STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
PORTLAND
CIVIL ACTION
DOCKET NO. RE-13-362
CUM-

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ONEWEST BANK, FSB
        PLAINTIFF

v.

KATHERINE M. MARSHALL, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
BEVERLY J. MARSHALL, A/K/A
BEVERLY P. MARSHALL
        DEFENDANT

AND

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT
        PARTIES IN INTEREST

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 24 2014

RECEIVED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CONSENTED JUDGMENT OF FORECLOSURE AND SALE
### WITH WAIVER OF REDEMPTION
### TITLE TO REAL ESTATE IS INVOLVED

35 Westminster Avenue, Portland, Maine 04103
Cumberland County Registry of Deeds Book 24063, Page 116

With the consent of the parties, the Court finds as follows:

1. There has been a breach of the conditions of the Home Equity Conversion Mortgage given by Beverly J. Marshall, aka Beverly P. Marshall to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, FSB, dated June 5, 2006 and recorded in the Cumberland County Registry of Deeds in Book 24063, Page 116 (the "Mortgage"), as a result of a default on the Home Equity Conversion Promissory Note secured thereby. The Mortgage was assigned to Mortgage Electronic Registration Systems, Inc., A Delaware Corporation, its successors and assigns, as nominee for Financial Freedom Acquisition LLC, evidenced by assignment recorded October 2, 2009 in Book 27298, Page 245. The Mortgage was further assigned to OneWest Bank, FSB, evidenced by assignment recorded September 25, 2013 in Book 31046, Page 42.

The subject property is located at 35 Westminster Avenue, Portland, Maine 04103 and is more particularly described in the legal description attached hereto as Exhibit A (the "Premises").

2. In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage were due and payable in full upon the death of the mortgagor.

3. There has been a default on the obligations under the Note and a breach of the conditions of the Mortgage by acts and omissions, including, but not limited to, failing to pay sums when due under the Note.

4. As of March 31, 2104, the following amounts are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---:|
| Principal Balance | $180,770.84 |
| Accrued Interest | $27,086.68 |
| Initial MIP | $5,120.50 |
| Monthly MIP | $5,714.10 |
| Monthly Servicing Fees | $3,290.00 |
| Attorney's Fees and Costs | $2,582.40 |
| Total | $224,564.52 |

Additional pre-judgment interest and post-judgment interest will accrue at a rate of 1.610% per annum in accordance with the Note and 14 M.R.S. § 1602-B. Plaintiff has foregone any right to any higher rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

5. The Defendant has waived the 90-day period of redemption pursuant to 14 M.R.S. §6322.

6. The order of priority of any party appearing in this action is as follows:

First Priority: The Mortgage held by OneWest Bank, FSB recorded in the Cumberland County Registry of Deeds in Book 24063, Page 116. The amount due the Plaintiff is as set forth above.

Second Priority: Secretary of Housing and Urban Development, by virtue of a mortgage recorded June 14, 2006 in Book 24063, Page 125. As of December 12, 2013, the amount owed to Party-in-Interest Secretary of Housing and Urban Development is $0.00.

Third Priority: Katherine M. Marshall, Personal Representative of the Estate of Beverly J. Marshall, a/k/a Beverly P. Marshall.

7. There are no public utility easements affected by this action.

8. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

a.    OneWest Bank, FSB
888 East Walnut Street
Pasadena, CA 91101

Counsel:    Leonard F. Morley, Jr., Esq. #3856
William B. Jordan, Esq. #461
Elizabeth P. Hunt, Esq. #3162
Shapiro & Morley, LLC
707 Sable Oaks Dr., Suite 250
South Portland, Maine 04106
(207) 775-6223

b.    Katherine M. Marshall, Personal Representative of the Estate
of Beverly J. Marshall, a/k/a Beverly P. Marshall
~~30 Brich Lane #5~~ PO Box 936
~~Gorham, ME 04038~~ Gray, ME 04039      ~~Ø77~~

Counsel:    Jennifer Thomas, Esq.
~~Beagle & Ridge, LLC~~ Beagle, Steeves & Ridge, LLC    ~~Ø77~~
P.O. Box 1815
Standish, ME 04084

c. — Secretary of Housing and Urban Development
attn: Laurie Janson
100 Middle St., East Tower, 6th Floor
Portland, ME 04101

Counsel:    Thomas E. Delahanty II, Esq.
100 Middle Street
6th Floor, East Tower
Portland, ME 04101

9. The docket number for this action is RE-13-362.

10.    All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of OneWest Bank, FSB. OneWest Bank, FSB, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

First, to OneWest Bank, FSB, its successors and assigns, as set forth above;

Second, to Secretary of Housing and Urban Development, its successors and assigns, as set forth above;

Third, the surplus proceeds, if any, to Katherine M. Marshall, Personal Representative of the Estate of Beverly J. Marshall, a/k/a Beverly P. Marshall in accordance with 14 M.R.S. § 6324.

b. All remaining rights of the Defendant to possession shall terminate upon entry hereof. Defendant is ordered to vacate the real estate and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same

c. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

d. If an appeal is not filed and the Clerk has so certified, OneWest Bank, FSB shall be responsible for recording an attested copy of this judgment in the Cumberland County Registry of Deeds and paying the recording fee.

e. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: _____

                                Judge, District Court

Entered On:

Seen and Agreed:


Katherine M. Marshall, Personal Representative of the Estate of Beverly J. Marshall, a/k/a Beverly P. Marshall


_____               _____

By: Jennifer E. Thomas, Esq.                    Date


Secretary of Housing and Urban Development

_____               02-25-2014

By: Thomas E. Delahanty II, Esq.          Date

United States Attorney

OneWest Bank, FSB


_____              _____

By: Leonard F. Morley, Jr., Esq. #3856        Date
     William B. Jordan, Esq. #461
     Elizabeth P. Hunt, Esq. #3162

     Attorneys for Plaintiff


This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

e. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated:

APR 2 4 2014

Entered On: *April 25, 2014*

Seen and Agreed:

Judge, District Court

*Peter g. ghoanides*

Katherine M. Marshall, Personal Representative of the Estate of Beverly J. Marshall, a/k/a Beverly P. Marshall

_____ #9515
By: Jennifer E. Thomas, Esq.

*March 5, 2014*
Date

Secretary of Housing and Urban Development

_____
By: Thomas E. Delahanty II, Esq.

_____
Date

OneWest Bank, FSB

_____
By: Leonard F. Morley, Jr., Esq. #3856
    William B. Jordan, Esq. #461
    Elizabeth P. Hunt, Esq. #3162

*3/11/14*
Date

Attorneys for Plaintiff

This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

Exhibit A

(35 Westminster Avenue, Portland, Cumberland County, Maine)

A certain lot or parcel of land with the buildings thereon situated in said Portland, Being Lot #9 on Plan of Edgeworth Park made by J.A. Jones, Civil Engineer, dated May 1906, recorded in Cumberland County Registry of Deeds, Plan Book 11, Page 11, to which reference may be had for more particular description of said premises.

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

  Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.


Dated:           _____

             Clerk of Court

13-019993